The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to the North Carolina Workers' Compensation Act at the time of the incident, the Employer employing the requisite number of employees to be bound by the provisions of said Act.
2. The Employee/Employer relationship existed at the time of the incident giving rise to this action.
3. D.S. Simmons, Inc. was self-insured at the time of the incident with Key Risk Management Services acting as its servicing agent.
4. The date of injury was July 7, 1992.
5. The Employee's average weekly wage at the time of the alleged injury was $234.57.
6. The Employee received benefits for temporary total disability beginning July 8, 1992 and continuing through September 2, 1992 totaling $1,574.34, which represents an overpayment of $300.88.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 56-year-old male with an eighth-grade education.
2. Since leaving school in the eighth grade, Plaintiff has held various manual labor positions, including construction and farm work. The Plaintiff had worked all of his life until the time of the accident in this case with jobs which required lifting, bending, stooping, sitting and walking. The Plaintiff does not read or write.
3. Plaintiff sustained an injury by accident on July 7, 1992 while employed by and working for Defendant-Employer. At that time, Plaintiff was struck by a brick, at various times referred to as a cinder block, dropped from the roof of a construction site. The brick struck Plaintiff in the upper part of his back.
4. Plaintiff was treated initially by Doctors' Urgent Care and was noted to be experiencing tenderness in his mid-upper back with a small excoriation over the T5-7 spine.
5. On referral from Doctors Urgent Care, Plaintiff began treating under Dr. Joseph Grant of Goldsboro Orthopedics in late July, 1992. Dr. Grant's review of Plaintiff's x-rays together with additional x-ray films taken by Dr. Grant revealed cervical spondylosis with a history of lumbar and thoracic contusion with persistent discomfort. Physical therapy was recommended at that time.
6. From the end of July until early September, 1992, Plaintiff underwent physical therapy and follow-up visits with Dr. Grant. In September, Plaintiff missed appointments with both Dr. Grant and physical therapy, and therapy was discontinued due to Plaintiff's non-compliance.
7. On August 18, 1992, on his own initiative, Plaintiff began treating under Dr. Eddie Powell. Dr. Powell has never been a physician authorized by the Defendant. Plaintiff, on his own, began receiving treatment from Eddie N. Powell, MD, Roseboro, North Carolina on August 18, 1992 and has been receiving treatment from Dr. Powell on a regular basis ever since. At the time Plaintiff first saw Dr. Powell, his complaint was that he had been having intermittent severe back pain since July 7, 1992 as a result of being struck with a cinder block while working. Dr. Powell diagnosed Plaintiff at that time as suffering from severe bruised T-spine with muscle spasms and increased blood pressure. Dr. Powell followed a conservative treatment at that time. Plaintiff's complaints gradually worsened over time and in February, 1994 Dr. Powell referred Plaintiff to Cape Fear Valley Hospital, Fayetteville, NC for MRI testing. After reviewing the MRI tests results, Dr. Powell diagnosed Plaintiff's problem as a "traumatic induced arachnoid cyst". Dr. Powell concluded that the arachnoid cyst was caused by the accident on July 7, 1992 and was a dangerous condition which would preclude Plaintiff from working since July 7, 1992. Dr. Powell assigned a disability rating of thirty percent to the lower back and thirty percent to the upper spine.
8. In February, 1994, Dr. Powell diagnosed Plaintiff with an arachnoid cyst which he has opined is the cause of Plaintiff ongoing complaints of pain and is casually related to the incident in question.
9. Through deposition testimony based on a review of Plaintiff medical records, Dr. Mitchell Freedman. a neurologist, testified that, in his opinion, the arachnoid cyst discovered by Dr. Powell in February 1994 is not casually related to the accident, but rather something that more likely than not is a congenital abnormality. Dr. Freedman admitted the possibility that the cyst could be related to the accident, but based on the lack of documentation of a severe spinal cord injury, he felt the cyst was more likely to be congenital. To the extent the medical opinion of Dr. Powell disagrees with opinion of Dr. Freedman, the testimony of Dr. Freedman is deemed more credible in this matter.
10. Based on Plaintiff refusal to accept the light-duty position, a Form 24 request by Defendant was approved on October 6, 1992. The approval of the Form 24 was appropriate based on the evidence before the Industrial Commission.
11. Until the hearing in this matter, Plaintiff did not attempt to obtain the approval of the Industrial Commission for his treatment by Dr. Powell despite the fact that he began treating with Dr. Powell on August 18, 1992.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment on July 7, 1992. As a result of that injury, Plaintiff received treatment by Doctors' Urgent Care and Dr. Joseph Grant. Subsequent treatment by Dr. Powell for the arachnoid cyst is not casually related to the injury by accident of July 7, 1992.
2. Plaintiff was released to return to light work on September 2, 1992 and appropriate light duty work was tendered at that time, but Plaintiff refused the tendered employment. The Form 24 approved on October 6, 1992 was properly approved based on the evidence of record.
3. As a result of the injury by accident, Plaintiff is entitled to temporary total disability compensation under N.C.G.S. § 97-29 for the period July 8, 1992 through September 2, 1992 at a compensation rate of $156.39. To date, the sum of $1,574.34 has been paid resulting in an overpayment, Defendant is not entitled to a credit for the same.
4. Under the Workers' Compensation Act, an employee has the right to procure a physician of his own choosing subject to seeking the approval of the Industrial Commission within a reasonable time. Schofield v. Great Atl. Pac. Tea Co., 299 N.C. 582,264 S.E.2d 56 (1980). Despite the fact that Plaintiff began treating with Dr. Powell on August 18, 1992, Plaintiff did not seek approval of that treatment until the hearing in this matter. Plaintiff failure to seek approval within a reasonable time prohibits Plaintiff from requiring the Defendants to bear the responsibility for payment of such treatment. Further, to the extent Dr. Powell's treatment is for the arachnoid cyst, such treatment is not causally related to the injury by accident of July 7, 1992.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff claim for additional compensation, medical or indemnity, must be and the same is hereby DENIED under the law.
2. Defendant shall pay expert witness fees of $300.00 to Dr. Grant, $300.00 to Dr. Freedman and $225.00 to Dr. Powell.
3. Defendant shall pay costs.
FOR THE FULL COMMISSION
 S/ _____________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 12/10/96